United States District Court
Southern District of Texas
**ENTERED**
June 14, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAVIS LATHON, (SPN #1682487) Plaintiff, | § § § § |
| vs. | § CIVIL ACTION H-18-1801 § |
| C.D. CURRY, et al., Defendants. | § § § § |

## MEMORANDUM AND OPINION

Travis Lathon, an inmate of the Harris County Jail ("HCJ"), sued in May 2018, alleging civil rights violations resulting from an excessive use of force. Lathon, proceeding pro se and in forma pauperis, sues C.D. Curry, officer with the Houston Police Department ("HPD"); R.C. Ware, officer with the HPD; and the HPD.

The threshold issue is whether Lathon's claims should be dismissed as frivolous.

I.   **Plaintiff's Allegations**

Lathon asserts that on September 3, 2017, at 3:00 a.m., he was walking down the street when he was assaulted by Officers Curry and Ware. He asserts that Officer Curry "smashed my face to the concrete with his knee." (Docket Entry No. 1, p. 5). Lathon asserts that Officer Ware put his knee in Lathon's back and twisted Lathon's arms. Lathon alleges that the officers applied hand restraints and cut off the circulation to his hands. Lathon states that he sustained deep cuts on his face, a black eye, and bruised ribs.

Lathon seeks compensatory damages of $250,000.00.

O:\RAO\VDG\2018\18-1801.a02.wpd

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

> [To recover damages for an allegedly] unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en

banc) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Lathon has been charged with two counts of assault-bodily injury on a public servant, retaliation in Cause Numbers 1563635 & 1563634. The indictments alleged that on September 3, 2017, Lathon unlawfully, intentionally and knowingly caused bodily injury to R.C. Ware and C.D. Curry, whom Lathon knew were public servants, by grabbing the Complainants' testicles. Criminal proceedings against Lathon are pending in the 351st Judicial District Court of Harris County, Texas. Lathon's allegations of illegal arrest and use of excessive force, if true, necessarily implicate the validity of these charges and any potential convictions. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Several circuits have held that *Heck* bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[1] In

---

[1] Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. N.Y.C.*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).

considering this issue, the Fifth Circuit reasoned:

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
>
> At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Brown v. Taylor,* 139 F. App'x 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Where it remained unclear whether Brown had been tried or convicted on those charges, the Fifth Circuit stated that the district court should have stayed the instant action until the pending criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson*, 47

F.3d 744, 746 (5th Cir. 1995)).[2] "[A] court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *Heck*, 512 U.S. at 487.

Because Court records reflect that Lathon's criminal case remains pending, the Court must stay and close this civil case until his state criminal proceedings are completed.

### III. Conclusion

Lathon's Motion to Proceed *in Forma Pauperis*, (Docket Entry No. 2), is DENIED without prejudice to reconsideration after reinstatement. The action filed by Travis Lathon (SPN #1682487) is premature. The Clerk must stay and close this case for administrative purposes until further notice. Lathon must file a "Motion to Reinstate" this case, if appropriate, within thirty

---

[2] *See also Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff).

days from the date that the state criminal case is completed.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to: Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546.

SIGNED at Houston, Texas, on June 13, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE